# Clark *v.* Baltimore & Ohio Railroad Co., Appellant.

*Carriers—Freight—Shipment damaged and lost—Freight charges —Demurrage—Liability of shipper—Case for jury.*

Where a shipper sues a common carrier to recover the value of a substantial part of a shipment of freight which was lost or destroyed in transit, failure to pay the freight charges and demurrage does not defeat the right to recover, if the plaintiff had offered to pay the freight, and remove his goods, during the free period, on condition that the agents of the defendant should check up the lost and injured property with him. There having been a conflict of testimony as to the offer, it was for the jury to determine whether such an offer had been made.

Argued April 20, 1922. Appeal, No. 101, April T., 1922, by defendant, from judgment of C. P. Lawrence County, March T., 1918, No. 42, on verdict for plaintiff, in the case of Franklin F. Clark v. The Baltimore and Ohio Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ. Affirmed.

Assumpsit to recover value of goods lost in transit. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,061.78, and judgment thereon. Defendant appealed.

*Errors assigned* were answers made by the court to points submitted for charge, refusal to grant new trial, and refusal to enter judgment non obstante veredicto.

*Wylie McCaslin,* for appellant.—It is the duty of the shipper to pay the freight before the goods are delivered: Nicolette Lumber Co. v. Coal Co., 213 Pa. 379.

An offer or tender of payment must be unconditional: Hoffman v. Adair, 67 Pa. Superior Ct. 164.

Damages cannot be set off against a charge for freight: Adams Express Co. v. Albright Bros., 75 Pa. Superior Ct. 410.

*Lawrence M. Sebring,* and with him *Robert L. Wallace,* for appellee.—Damages to freight during transportation may be set up as a counterclaim in an action for freight, as the claim grows out of the same transaction: P. R. R. Co. v. Bellinger, 166 N. Y. Supp. 652; Battle v. Atkinson, 9 Ga. A. 488.

OPINION BY HENDERSON, J., July 13, 1922:

The plaintiff's action was brought to recover damages for a failure of the defendant to deliver to him certain articles of personal property consisting principally of household goods delivered to the defendant at Garrett, Ind., to be transported to Ellwood City, Pa. The appellant contends that the court should have given binding instructions for the defendant. There was uncontradicted evidence of the delivery of the property to the defendant, and that the car in which it was shipped arrived at its destination. Notice was given to the plaintiff of that fact on September 7, 1917. The next day, Sunday, the plaintiff went to the freight station of the defendant and found on examination that the seals on the car were broken. On further examination he discovered that some of the property was broken and otherwise damaged and on his return on Monday after a further inspection he ascertained that a considerable part of it was missing. A discussion took place between him and two at least of the employees of the company in which the condition of the property and the loss of a part of it was considered. The agent of the company demanded payment of the freight charge as set forth in the bill of lading. The plaintiff objected on the ground that the property was not all delivered and a part of what was in the car was damaged. He alleges he proposed that the agent make a list of the injured and missing property, but that the

agent refused to do this or to deliver the property. Other interviews were had apparently the same day although the evidence is somewhat indefinite as to the dates, the agent of the company insisting on the whole payment of the freight and the plaintiff alleging that he offered to pay the freight if they would check up the broken and missing articles. The case was submitted to the jury to determine whether the plaintiff had offered to pay the freight as he alleged with the instruction that if he so did and the agent refused to accept the offer the plaintiff was entitled to recover. There was also a demand for demurrage after the last free day. This the plaintiff declined to pay on the ground that there had been a breach of the contract of transportation and that he was under no obligation to respond for performance where the defendant had failed to perform. The evidence does not show a substantial contradiction of the plaintiff's allegation that a large part of his property was not in the car when he was permitted to make an examination of its contents. An estimated value placed by him on the property not in the car made after an examination by one of the agents of the defendant and the plaintiff and the latter's attorney was more than $800. There was evidence therefore from which it would appear that there was a material default by the defendant in the performance of its undertaking to transport the plaintiff's goods to Ellwood City. The right of the carrier to demand demurrage depended on the answer to the question whether the plaintiff had offered to pay the freight and unload the car before the free time had elapsed and there was evidence for the jury bearing on that subject. The right of the defendant to demand the freight charged on the whole shipment when the evidence of the plaintiff showed that a large proportion of it was not delivered at Ellwood City was not considered at the trial and need not now be discussed. The learned trial judge in disposing of the motion for judgment non obstante veredicto discussed the contradictory evidence bearing on the subject of the offer

of the plaintiff.to pay the freight and concluded that a question of fact existed which must take the case to the jury. A review of the evidence brings us to the same result.

· The assignments are overruled and the judgment af-firmed.